[768 NYS2d 493]

In the Matter of STEVEN J. NECHAMKUS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 8, 2003

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Judith Bader-York*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 1, 1993.

The petitioner served the respondent with a petition dated June 11, 2002, containing two charges of professional misconduct. After a hearing on November 21, 2002, the Special Referee sustained both charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to confirm the Special Referee's report, to vacate the interim suspension, and, in view of the substantial mitigating factors, to limit the sanction to a public censure. The respondent requests, in the alternative, that if the Court deems a suspension to be warranted, it should be made effective nunc pro tunc to October 2, 2002, the date of his interim suspension.

Charge One alleges that the respondent abandoned his solo practice of law and thereby violated Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Before June 2001, the respondent maintained a solo law practice in Staten Island. He closed his law office in or around June 2001 but failed to notify clients or opposing counsel. Upon his departure from the practice of law, the respondent took some open files and placed them in storage in his home. He made no further court appearances and failed to do any further work on those matters. Clients were unable to locate the respondent or contact him by telephone after June 2001.

Charge Two alleges that the respondent engaged in a pattern of professional misconduct by neglecting legal matters entrusted to him, failing to maintain adequate communication with clients, and failing to return unearned fees, and thereby violated Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Before June 2001, the respondent was retained to pursue various legal matters on behalf of the following clients: Dee Drago, Curtis Smith, Kenneth Taylor, Stephen Bonuso, Susan Bruccoleri, James Thorpe, Barbara Fischer, Richard F. Balestriere, Peter L. Ha, and Heather Mannheimer-Sloane. After June 2001, the respondent failed to take appropriate steps to conclude these cases, to maintain contact with these clients, and/or to return any unearned legal fees.

Based on the evidence adduced, including the respondent's unequivocal admissions, the motion to confirm the Special Referee's report is granted, and the cross motion is granted to that extent, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent submits that he has periodically suffered from depression as an adult, and that he was diagnosed with having Attention Deficit Hyperactivity Disorder since childhood. He has been truthful and forthright with the petitioner with respect to his substance abuse problems. The respondent maintains that his depression lifted in or about July 2002 when he moved to Georgia and that he is prepared to immediately see a specialist in the event of a recurrence. The respondent submitted evidence of his progress in Cocaine Anonymous and submits that he is not currently depressed and is leading a clean, sober, and honest life. The respondent has obtained full-time employment as an auditor in Atlanta, where he currently resides. He is described as a highly-valued employee who is extremely dependable and punctual.

The respondent's prior disciplinary history consists of a letter of caution, dated November 21, 1997, for failing to reregister as an attorney with the Office of Court Administration, a letter of caution, dated February 17, 2000, for neglecting a legal matter and failing to adequately communicate with his client, and an admonition, dated January 24, 2003, for failing to reregister as an attorney.

The respondent submitted copies of letters and money orders he sent to several clients representing the return of unearned legal fees. These were dated March 2002, approximately 10 months after the respondent abandoned his practice and after the respondent's investigative appearance at the petitioner's offices. The respondent did not previously attempt to contact his clients or return their money.

Under the totality of circumstances, the respondent is suspended for a period of one additional year from the date of

this order. The respondent's reinstatement will be contingent upon proof of his continued sobriety.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted solely to the extent of confirming the Special Referee's report and is otherwise denied; and it is further,

Ordered that the respondent, Steven J. Nechamkus, shall continue to be suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Steven J. Nechamkus, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.